J-S28036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENZELL JAMES SCHRIVER | : | |
| | : | |
| Appellant | : | No. 610 MDA 2022 |

Appeal from the PCRA Order Entered March 17, 2022
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001097-2014

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 16, 2023**

Appellant, Kenzell James Schriver, appeals from the order entered in the Franklin County Court of Common Pleas, which denied as untimely his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 13, 2015, Appellant pled guilty to one count of rape of a child.  On July 1, 2015, the trial court found that Appellant was a sexually violent predator ("SVP") and sentenced him to ten to twenty years of imprisonment.  Appellant did not file a direct appeal.

On March 28, 2018, Appellant filed a *pro se* motion, which the trial court

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

treated as a PCRA petition and appointed PCRA counsel. The court conducted an evidentiary hearing and dismissed the PCRA petition as untimely on September 24, 2018. Appellant did not appeal.

Appellant filed a second PCRA petition on October 27, 2021. The PCRA court held a hearing on March 17, 2022. At the conclusion of the hearing, the court entered an order finding that Appellant's petition was untimely and did not satisfy any of the exceptions to the PCRA time-bar. Appellant timely filed a notice of appeal on Monday, April 18, 2022. The court subsequently ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b), and Appellant complied on May 10, 2022.

Appellant raises one issue for our review:

> Whether the PCRA Court erred in its Order of March 17, 2022 dismissing [Appellant's] Petition for Post-Conviction Collateral Relief for lack of jurisdiction when [Appellant] provided sufficient evidence to prove the applicability of the timeliness exception pursuant to 42 Pa. Stat. and Cons. Stat. Ann. § 9545(b)(ii)?

(Appellant's Brief at 4).

As the timeliness of a PCRA petition is separate from the merits of the petitioner's underlying claim, we must first determine whether the petition is timely filed. *Commonwealth v. Brensinger*, 218 A.3d 440, 447-48 (Pa.Super. 2019) (*en banc*) (citing *Commonwealth v. Stokes*, 598 Pa. 574, 959 A.2d 306 (2008)). The timeliness of a PCRA petition is a jurisdictional prerequisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). Pennsylvania law makes clear that no court has jurisdiction to hear an

untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Instantly, the trial court sentenced Appellant on July 1, 2015. Appellant did not file a direct appeal. Accordingly, Appellant's judgment of sentence became final 30 days later, on July 31, 2015. ***See*** Pa.R.A.P. 903(a). Hence, Appellant had until July 31, 2016, to file a timely PCRA petition. Appellant filed the instant PCRA petition on October 27, 2021, which is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Therefore, for the court to have jurisdiction over Appellant's claim, Appellant must prove he is eligible under one of the three exceptions to the PCRA's time-bar.

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been

ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar, claiming that he was previously unaware that his prior PCRA counsel had failed to file an appeal on his behalf following the denial of his first PCRA petition. Appellant insists that he asked counsel to file an appeal after the court denied PCRA relief in September 2018, and was told that such appeal would take about two years. Then, in August 2021, when he had not yet heard anything about his appeal, Appellant asserts that he reached out to this Court for a copy of his docket sheet. Appellant also asserts that he asked family and friends to contact prior counsel; however, they could not reach him. When this Court notified Appellant that no appeal had been filed, Appellant maintains that he promptly filed the instant PCRA petition in October 2021. Appellant concludes that he exercised due diligence in discovering PCRA counsel's failure to file the appeal, and that the PCRA court erred by dismissing his petition as untimely. We disagree.

To meet the "newly-discovered facts" timeliness exception set forth in

Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted). This Court has recognized that appellate counsel's failure to file a requested notice of appeal falls "within the ambit of subsection (b)(1)(ii);" however, Appellant "must still prove that it meets the requirements therein." *Commonwealth v. Bennett*, 593 Pa. 382, 400, 930 A.2d 1264, 1274 (2007).

Due diligence requires that the petitioner "take reasonable steps to protect his own interests." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011) (citations omitted).

> However, it does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa.Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id.* (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Monaco*[*, supra*] at 1080.

*Brensinger, supra* at 449.

In *Commonwealth v. Small*, 662 Pa. 309, 238 A.3d 1267 (2020), our Supreme Court made clear there is no longer a "public record presumption" pursuant to which a court may find that information available to the public is not a fact that was previously "unknown" to the petitioner. Nevertheless, the Court clarified, "that [Appellant] is relieved of the public record presumption does not mean that [Appellant] prevails.… The textual requirements of the time-bar exception remain." *Id.* at ___, 238 A.3d at 1286. Therefore, "although *Small* eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated." *Commonwealth v. Keener*, No. 1165 WDA 2021, 2022 WL 2359373, at *4 (Pa.Super. June 30, 2022) (unpublished memorandum).[2]

Here, the PCRA court conducted a hearing to ascertain whether Appellant exercised due diligence in discovering that prior PCRA counsel had not filed an appeal on Appellant's behalf. At the hearing, Appellant testified that he asked counsel to file an appeal from the denial of his first PCRA petition. He then waited two years before investigating whether an appeal had been filed because he was told that it would take two years for it to be processed. (N.T. Hearing, 3/17/22 at 8-9). During the two-year interim

---

[2] *See* Pa.R.A.P. 126(b) (stating we may rely on non-precedential decisions from this Court filed after May 1, 2019, for persuasive value).

period, Appellant never reached out to his counsel himself, but claimed that he had some family and friends try to call counsel to no avail. (*Id.* at 10). After nearly three years had passed, Appellant wrote to the Prothonotary of this Court to check on the status of his appeal and was told that one had not been filed. (*Id.* at 12).

At the conclusion of the hearing, the PCRA court explained:

> The testimony, accepting it at face value, is that counsel is instructed to file an appeal, [Appellant] assumed the appeal was filed, he assumed it would take two years, based on what [PCRA counsel] told him, and that he took no action or conducted any other investigation or otherwise monitored the appeal until the two-year period was up. And the action he took at that point was to try to communicate with [PCRA counsel] through family and friends. [Appellant] did not try to place phone calls to [PCRA counsel] and did not send him any letters.
>
> There's no evidence that he did any[] of those things directly to his attorney. There is no evidence before the [PCRA c]ourt that [Appellant] asked his family and friends to conduct any internet search regarding the status of the appeal or if he didn't have access in the SCI or take other action to determine whether the appeal in fact had been filed, let alone contacting [PCRA counsel]. Did nothing to determine whether the appeal had been filed until he wrote the Superior Court Prothonotary almost [a] year later, which would be a total of three years after the PCRA had been denied. That, the [PCRA c]ourt finds, does not demonstrate due diligence.
>
> …There was certainly lots of things [Appellant] could have done that he didn't, but strictly looking at what he did do, wait the full two years before attempting to have contact with [PCRA counsel], waiting an additional year before contacting the Superior Court and/or this Court to determine the status of any appeal that had been filed, that's just simply not due diligence. Due diligence required some reasonable modicum of effort, consistent with what an

- 7 -

objective person would do under the circumstances.

We've taken into account…and we think it's appropriate, the circumstances of [Appellant], which is he was incarcerated, had limited access to internet capabilities, a rudimentary understanding of how to look things up in the law library and those types of things, but even with that understanding, what he did do is not [exercise due diligence]. At a minimum, attempting communication directly with counsel has to be done. Counsel has no obligation to communicate with friends and family. It's between the attorney and the client.

(*Id.* at 24-26).

We agree with the PCRA court's analysis. Appellant has not established that he exercised the required due diligence in determining whether counsel had failed to appeal on his behalf. ***See Brensinger, supra***; ***Monaco, supra***. Therefore, Appellant's claim does not satisfy the newly-discovered fact exception to the PCRA time bar. ***See Brown, supra***. Consequently, Appellant's current PCRA petition remains time barred. ***See Zeigler, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2023